IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00255-CV

 

In the
Interest of M.S.D., a minor child

 

 

 



From the 411th District Court

Polk County, Texas

Trial Court No. PC03116

 



MEMORANDUM  Opinion










 

          The Attorney General appeals the trial
court’s decision to grant a summary judgment in favor of Larry LaBove, the
defendant in a paternity action, based on his claims of collateral estoppel and
res judicata.  Because LaBove did not conclusively establish the elements of
either collateral estoppel or res judicata, we reverse the trial court’s
judgment.

          A defendant moving for summary
judgment on an affirmative defense has the burden to establish conclusively
that defense.  McIntyre v. Ramirez, 109 S.W.3d 741, 748 (Tex. 2003);

Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).  Collateral
estoppel and res judicata are affirmative defenses.  See Sysco Food
Servs. v. Trapnell, 890 S.W.2d 796, 802 (Tex. 1994); see also Tex. R. Civ. P. 94.  

Collateral Estoppel

          Collateral estoppel precludes the
relitigation of issues that were actually litigated, essential to the judgment
in a prior suit, and identical to the issue(s) in the pending action.  Johnson
& Higgins v. Kenneco Energy, 962 S.W.2d 507, 521 (Tex. 1998); Van
Dyke v. Boswell, O'Toole, Davis & Pickering, 697 S.W.2d 381, 384
(Tex. 1985).  Actual litigation occurs when an issue is properly raised, by the
pleadings or otherwise, and is submitted for determination, and is determined. 
Van Dyke, 697 S.W.2d at 384.

          LaBove claims the Attorney General is
collaterally estopped from relitgating the issue of whether LaBove was M.S.D.’s
father because the Department of Protective and Regulatory Services had
previously brought suit and the court determined that LaBove was not the
father of M.S.D.  The summary judgment evidence does not conclusively establish
that the issue of whether LaBove was M.S.D.’s father was actually litigated. 
The paternity issue was not raised by the Department’s pleadings.  Although a
request was made to determine whether LaBove was a father, no specific child
was linked to that request.  There is no summary judgment evidence that
LaBove’s parentage of M.S.D. was submitted for determination by the court and
there is no evidence that paternity was determined in the prior action.  

          LaBove argues that because the order
stated, “LARRY D. LABOVE, a non-parent, is appointed possessory conservator of
the child(ren) [M.S.D.]…,” paternity was determined by the trial court. 
LaBove misconstrues this sentence and its import within the earlier order. 
This was a statement in a section of the order regarding those who had
possession or access to a particular child.  It was a statement of
conservatorship regarding a person who had not been judicially determined to be
a parent and therefore, was being referred to as “a non-parent.”  This was not a
determination of paternity.

          LaBove had the burden to conclusively
establish all three elements of collateral estoppel.  Because he did not
conclusively establish the first element, it is unnecessary for us to determine
whether he conclusively established the remaining elements.  Thus, the trial
court erred in granting the summary judgment on LaBove’s collateral estoppel
claim.

Res Judicata

          Res judicata precludes relitigation of
claims that have been finally adjudicated, or that arise out of the same
subject matter and that could have been litigated in the prior action.  Amstadt
v. United States Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996).  It requires
proof of the following elements: (1) a prior final judgment on the merits by a
court of competent jurisdiction; (2) identity of parties or those in privity
with them; and (3) a second action based on the same claims as were raised or
could have been raised in the first action.  Id. 

          The parties do not dispute that the
first element was conclusively shown by summary judgment proof.  The parties
dispute, however, whether the Attorney General was in privity with the
Department.  The agencies can be in privity in at least three ways: (1) they
can control an action even if they are not parties to it; (2) their interests
can be represented by a party to the action; or (3) they can be successors in
interest, deriving their claims through a party to the prior action.  Amstadt,
919 S.W.2d at 653.  Privity exists if the parties share an identity of
interests in the basic legal right that is the subject of litigation.  Id.

          The Department exists as a creature of
statute, operating under the Health and Human Services Commission, with a
director appointed by the executive commissioner of the Commission and does not
fall under the office of the Attorney General.  See Tex. Gov’t Code Ann. §§ 531.001,
531.005, 531.0055, & 531.0056 (Vernon 2005).  The Attorney General is
elected in a state-wide election and has no supervisory control over the
Department.  See Tex. Const.
art. IV, §§ 1, 2; see also Tex.
Gov’t Code Ann. §§ 402.001 et. seq. (Vernon Pamp. 2004-2005).

          LaBove’s summary judgment proof
consisted of:

1.      LaBove’s affidavit;

2.     
The original petition for
protection and conservatorship and for termination of the parent-child
relationship regarding three children, including M.S.D;

 

3.     
The citation for service and
return for Robin Donley for the petition filed in item 2, above;

 

4.     
A petition to establish the
parent-child relationship regarding M.S.D. and LaBove;

 

5.     
A final order in the suit
affecting parent-child relationship initiated by the petition in item 2, above;

 

6.     
A motion to consolidate
three actions:  the suit instituted by the original petition in item 2, above,
a final divorce action, and a suit affecting parent-child relationship
involving the final adjudication of non-parentage regarding M.S.D;

 

7.     
An order on the motion to
consolidate; and

 

8.     
A petition to establish the
parent-child relationship and motion to clarify regarding M.S.D. and LaBove, which
includes a motion to sever the suit from  item 2, above.

 

These documents do not provide proof that the
Attorney General could control the Department’s action, that the Attorney
General’s interests could be represented by the Department in the Department’s
action, or that the Attorney General could be a successor in interest.

          These documents also do not provide
proof that the Attorney General and the Department shared an interest in the
basic legal right that is the subject of the two proceedings.  In the
Department’s action, the Department requested paternity to be established
between LaBove and an unnamed child.  But the action was primarily concerned
with the possession and access of three children.  As was discussed previously,
the summary judgment proof does not conclusively establish that the parentage
issue regarding LaBove and M.S.D was determined by the trial court as part of
the earlier judgment.  The Attorney General’s petition concerned only a
determination of parentage between LaBove and M.S.D. and the support of M.S.D. 
These documents do not conclusively establish a shared interest in a basic
legal right as is necessary for this summary judgment proceeding.

          LaBove did not conclusively establish
that the Attorney General and the Department were in privity.  Thus, he did not
establish that the action brought by the Attorney General was barred by the
order rendered in the Department’s action.  Accordingly, the trial court erred
in granting LaBove’s summary judgment based on res judicata.

Conclusion

          The Attorney General’s issue on appeal
is sustained, and the trial court’s judgment is reversed and remanded for
proceedings consistent with this opinion.

Pending Motion

          The Attorney General also filed a
motion to exclude the third supplemental Clerk’s Record in this cause.  Because
the summary judgment proof was the same in the first volume of the Clerk’s
Record as was in the third supplemental Clerk’s Record, the motion is dismissed
as moot.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Motion
dismissed

Reversed
and remanded 

Opinion
delivered and filed September 28, 2005

[CV06]